4 So.2d 188

### CRUMP v. STATE.

#### 8 Div. 56.

Court of Appeals of Alabama.

June 24, 1941.

Rehearing Denied June 30, 1941.

Fred S. Parnell, on Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant with the offense of forgery. It contained but one count, and the instrument alleged to have been forged was set out in haec verba. The specific charge was confined to the forgery of said instrument by the defendant. The form in the Code was not followed, there being no charge, "or with intent to injure or defraud did utter and publish as true the said falsely altered, forged, or counterfeited [instrument], knowing the same to be so altered, forged or counterfeited." Code 1940, tit. 15, § 259, form 63.

Notwithstanding the fact that the single, specific act of forgery of the said instrument was charged in the indictment; and that there was no charge that the defendant with intent to defraud did utter and publish as true the alleged instrument knowing the same to be altered, forged or

counterfeited, the trial court throughout the whole oral charge instructed the jury as to said offense of uttering or publishing, etc., the said instrument and that they could convict the defendant for so doing if the evidence convinced them beyond a reasonable doubt that the defendant was guilty of uttering and publishing said alleged forged instrument knowing the same to have been so altered, forged or counterfeited. The trial court was without authority to charge the jury upon any issue not involved in the trial of this case, and no such issue as the one under discussion was so involved. But as to this, while the oral charge in this case on this subject was de hors the record and improper, this court cannot place the trial court to reversible error in this connection, as no exception was reserved to the action of the court in this regard.

This appeal is rested here upon the insistence of a fatal variance between the allegations in the indictment, and the proof in support of same. "Allegata et probata," means, "literally, things alleged, and things proved." In other words, the allegations made in the indictment, "and the proof adduced in their support." 3 Corpus Juris Secundum, Allegata, p. 884. The phrase is frequently used to express the rule that the allegations in the pleadings and the evidence in support thereof must correspond. "The allegata and probata must agree; the latter must support the former." C.J.S., supra.

Appellant makes the insistence that, "The defendant was tried upon Grand jury indictment charging the offense of forgery, the indictment charged that the defendant forged a note, or draft, in figures, $28 and in writing in the same count in the indictment charged that the note or draft was for the sum of $78, the indictment contained only one count. The State introduced in evidence the note alleged to have been forged which said note was for $28, and no where in words or figures did the note read $78 as charged in the indictment."

It affirmatively appears from the record that the above insistence of appellant is borne out without dispute. This being true it is conclusive of this appeal.

There was a fatal variance between the allegations in the indictment, and the proof offered in support thereof. The court was without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.

At the conclusion of the State's case the defendant made the following motion: "Comes now the defendant and moves the Court to exclude all the testimony of the State and discharge the defendant in this case and to exclude the note and check from the evidence and as grounds of said motion alleges it is illegal, irrelevant, immaterial, incompetent and because there is a fatal variance in the allegations of the indictment which alleges $78.00 and the testimony and proof and note and check offered in evidence shows $28.00, and that is a fatal variance under the Statute."

The court overruled and denied said motion.

The court also refused to defendant the affirmative charge requested in writing, as appears on page 14 of the record.

In each of the foregoing rulings the trial court committed reversible error.

The contention of appellant is upheld in the following cases, and many others: Agee v. State, 113 Ala. 52, 21 So. 207; Crow v. State, 28 Ala.App. 319, 183 So. 897; 26 C. J. 948, § 98; State v. Carlson, 145 Iowa 154, 123 N.W. 765.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded to the lower court for further proceedings in line with this opinion.

Reversed and remanded.