13 So.2d 61

**CRUMP v. STATE.**
**8 Div. 288.**

Court of Appeals of Alabama.
March 23, 1943.

Rehearing Denied April 13, 1943.

---

[2] 244 Ala. 48.

F. S. Parnell, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

RICE, Judge.

It seems necessary to notice but one question apparent on this appeal.

Appellant was charged by indictment with the forgery of a note—set out therein substantially but essentially—made payable to the "Florence Acceptance *Company*," described in the testimony as a partnership composed of J. L. Nichols and Madding King.

Upon the trial, as supporting the charge in the indictment, the State relied upon a note, which it introduced into the evidence over appellant's objection, with due exception reserved, made payable to the "Florence Acceptance *Corporation*." (Italics ours.)

Waiving for the moment the error in admitting into the evidence the note last above mentioned, it is apparent that there was a variance, even with it in, between the allegata and probata—as those terms were discussed in the opinion in this case when it was here on former appeal. See Crump v. State, 30 Ala.App. 241, 4 So.2d 188. cf. Deason v. Alpine Coal Co., 22 Ala. App. 254, 114 So. 423.

Because of this it was error, for which the judgment of conviction must be reversed, to overrule appellant's motion to set aside the verdict of the jury and grant him a new trial.

Other questions apparent will probably not arise upon another trial.

Reversed and remanded.