31 So.2d 719

### CRUMP v. STATE.

### 8 Div. 523.

Court of Appeals of Alabama.

June 30, 1947.

Fred S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for and by a jury found guilty of forgery in the second degree.

The appellant filed demurrers to the indictment, which were overruled by the court. The indictment was substantially in form prescribed by Form 64, Section 259, Title 15, Code of Alabama 1940, except that it contained the phrase "Knowing the same to be so altered or forged" immediately following the note which had been substantially set out. Such phrase did not render the indictment defective, and should be considered merely as surplusage, possibly affecting the proof of the charge, but not the validity of the indictment itself. See 12 Ala. Dig., Indictment and Information, ☞ 119, for numerous cases in point.

The evidence presented by the state tended to show that this appellant representing himself as Charlie Barnett applied to the Florence Acceptance Company for a loan. The credit report as to Barnett requested by the company being satisfac-

tory a note, the basis of this prosecution was executed by appellant to the company, said note being signed "Charlie Barnett" by the appellant. A check in the amount of twenty-five dollars was issued by the company payable to Charlie Barnett and endorsed by that name by the appellant. Barnett had never applied for a loan from the company, endorsed the check issued in his name, nor authorized such actions.

Over the objections and exceptions of the appellant Barnett was permitted to testify to conversations he had with the officials of the loan company pertaining to the validity of the supposed transaction with him. Also, Mr. Madding King, one of the partners in the Florence Acceptance Company was permitted to testify over appellant's objections and exceptions, to conversations he had with his partner Mr. Nichols, who had processed the loan with appellant, by which conversations they determined the identity of the party (appellant) who had executed the note, and received the check in exchange therefor.

The appellant was not present at either of the conversations mentioned above.

The above conversations were clearly hearsay in so far as this appellant was concerned. The trial court therefore erred in overruling appellant's objections to their admission unless the conversations can be brought within some exception to the hearsay rule. No such exception is apparent to us. This cause must therefore of necessity be reversed.

Reversed and remanded.