40 So.2d 106

**CRUMP v. STATE.**

8 Div. 662.

Court of Appeals of Alabama.
April 19, 1949.

Fred S. Parnell, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant has been convicted by a jury on an indictment charging forgery in the second degree. From the judgment and sentence thereafter duly imposed he has perfected this appeal.

This case has been before this court three previous times. See Crump v. State as reported in 30 Ala.App. 241, 4 So.2d 188; 31 Ala.App. 134, 13 So.2d 61, and 33 Ala. App. 210, 31 So.2d 719.

No error resulted in the court's action in overruling the demurrer to the indictment. Crump v. State, 33 Ala.App. 210, 31 So.2d 719.

The evidence presented by the State was directed toward showing that the appellant, on December 15, 1939, went to the office of the Florence Acceptance Company, a partnership composed of J. L. Nichols and Madding King, and interviewed Mr. Nichols in reference to a loan. At this time Mr. Nichols filled out an application blank for a loan from information furnished by

the appellant. This information shows the name, residence, occupation, etc. of the applicant, and also gives three business references. Mr. Nichols testified without objection as to the details of the information thus shown. The application was not however signed by the appellant.

Mr. Nichols then gave appellant a note to be signed by co-makers, instructed appellant as to its execution and told him to return the next day.

The appellant did return the following day and presented to Mr. Nichols the note allegedly signed by Charlie Barnett, Rebecca Crump, and J. L. Green.

Appellant was thereupon issued a check in the amount of $25, signed by the Florence Acceptance Co., by J. L. Nichols, and payable to Charlie Barnett. The back of this check bears the endorsement "Charlie Barnett."

Charlie Barnett, a witness for the State, testified that he had not been to the offices of the Florence Acceptance Company on or about December 15, 1939, had not furnished Mr. Nichols with the information shown on the application blank, had not signed the note, and had not received the check or endorsed it, nor had he authorized any one to sign these two papers for him.

Testifying in his own behalf below the appellant denied he had been to the Florence Acceptance Company's office on or about December 15, 1939, or that he had interviewed Mr. Nichols. He likewise denied delivering the executed note and receiving or endorsing the check above mentioned. Appellant maintained he had been in Mobile on this date and for some time prior and subsequent thereto.

During the cross examination of appellant an application for a loan from the Florence Acceptance Company, which application bears the date of April 24, 1937, and admittedly bears appellant's signature, "Joseph Crump," was admitted in evidence over appellant's objection.

The court's ruling was invoked very rarely in the trial below. Actually the only questions presented to us for review by this record, other than the court's ruling on the demurrer to the indictment, is the lower court's action in admitting into evidence over appellant's objections, as State's exhibits, the note, check and endorsement, the prior application for a loan executed in 1937 and bearing appellant's admitted signature, and the application for the loan filled out on December 15, 1939, by Mr. Nichols, but which was not signed by the appellant.

The note bearing the alleged signature of Charlie Barnett, and two co-signers, which was, according to the testimony of Mr. Nichols, delivered to him by the appellant, and the check issued to Charlie Barnett, were patently admissible on basic evidentiary principles, and no discussion is indicated. Likewise the application of 1937 bearing appellant's known writing was clearly admissible for comparison purposes.

As to the application which was filled out by Nichols on December 15, 1939, upon information furnished by the appellant, but which was not signed by appellant, it is our view that such instrument was the basis upon which the forged note originated. It was so related to the forged instrument by fact, circumstance, and continuity as to be part of the res gestae of the offense for which this appellant was prosecuted. See Dean v. United States, 5 Cir., 246 F. 568.

This aside, it appears that Mr. Nichols, without objection testified to all of the material items shown on the application except the one showing the nearest relative and his address listed on the application. In view of this, and the substantial character of the State's evidence tending to show appellant's guilt, it is our conclusion that the admission of this instrument did not probably injure the substantial rights of this appellant.

No error resulted in the court's refusal of three of the numerous written charges requested by appellant. Charge 7 is affirmative in nature and properly refused under the developed evidence. Charges 6 and 11 are identical with each other, and also with defendant's charge 3, which was given the jury by the court.

Affirmed.

BRICKEN, P. J., not sitting.