This is an appeal from the denial of a petition for writ of habeas corpus. The only issue concerns the sufficiency of the indictment.
Barbee was indicted and convicted for first degree theft of property. Alabama Code 1975, Section 13A-8-2 (1), defines the crime of theft of property to include one who "(k)nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property . . ." The indictment under which Barbee was convicted charged that he "did knowingly obtain or exert unauthorized control over a motor vehicle . . . in violation of Section 13A-8-3 of the Alabama Criminal Code, . . ."
In affirming Barbee's conviction we noted: "No objection was made in the circuit court that the indictment omitted the phrase `with intent to deprive the owner of his property.' This issue is not cited as error on appeal." Barbee v. State,395 So.2d 1128, 1130, n. 1 (Ala.Cr.App. 1981). Barbee did not apply for rehearing before this Court or file a petition for writ of certiorari to the Alabama Supreme Court.
Now, for the first time, Barbee challenges the validity of the indictment and alleges that it is "fatally defective."
The Attorney General recognizes the controlling principles that habeas corpus is the appropriate remedy where the indictment charges no offense, State v. Johns, 142 Ala. 61,38 So. 755 (1905); that a specific criminal intent is an essential element of the crime of larceny, Frye v. State, 369 So.2d 892
(Ala.Cr.App. 1979); and that without an expression of intent to steal or animus furandi, no crime would be described in an indictment for larceny. Frye.
 "`If an indictment shows no offense, there is no criminality shown, and there is nothing of which a court can take jurisdiction. And if a court has no jurisdiction its action is void — a condition which is the very object of habeas corpus to cure. Voidable informalities or irregularities are not reached by it, but fatal jurisdictional defects are ever within its range either before or after indictment, and even after conviction and judgment.' — Note 1 to Section 245 in Church on Habeas Corpus; 15 Am. Eng. Ency. Law, (2d ed.) 200."
State v. Johns, 142 Ala. 61, 38 So. 755 (1905).
"If the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of *Page 613 
the offense." Holt v. State, 86 Ala. 599, 600, 5 So. 793
(1888); Allen v. State, 30 Ala. App. 147, 2 So.2d 320, reversed on other grounds, Ex parte Allen, 241 Ala. 137, 2 So.2d 321
(1941); Alabama Code 1975, Section 15-8-21.
 "An indictment, framed under a statute which creates an offense and prescribes its constituent elements, must allege all the circumstances or ingredients, which enter into the essential description of the offense. If the intent is a statutory constituent, not only the acts, in the doing of which the offense consists, but the intent with which they are done, must be alleged. Proof of the intention, without an allegation, is not sufficient. — Eubanks v. State, 17 Ala. 181; 1 Bish.Crim.Proc. Section 521; Davis v. State, 68 Ala. 58. "The statute on which the indictment is found declares: `Any person who, knowingly, willfully, and without the consent of the owner thereof, enters upon the lands of another person, and cuts and carries off any timber or rails, with the intention of converting the same to his own use, if the property is of the value of twenty-five dollars or more, is guilty of grand larceny; and if the value of the property is less than twenty-five dollars, the offender is guilty of petit larceny.' Code, Section 4360. The evil `intention of converting the same to his own use' is necessary to convert the prescribed acts into a crime. The indictment, omitting an allegation of the statutory intention, fails to charge an offense."
McCord v. State, 79 Ala. 269, 270 (1885). Holt held that the use of the term "feloniously" did not supply the omission to allege "not having the intent to restore the property to the owner" from an indictment attempting to charge the crime of receiving stolen property. In Holt, the objection to the fatally defective indictment was first raised on direct appeal.
Failure to charge an offense is the kind of defect involved in due process of law and it cannot be waived. Nelson v. State,50 Ala. App. 285, 278 So.2d 734 (1973). Although the law does not compel a "ritual of words" in an indictment, "(t)he omission of an element of the crime, however, is not a mere formality that may be waived." United States v. Purvis,580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir. 1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229,59 L.Ed.2d 463 (1979). "An indictment that fails to allege each material element of an offense fails to charge that offense." UnitedStates v. London, 550 F.2d 206, 211 (5th Cir. 1977). "Failure to charge specific intent is but a particular aspect of the failure to charge an offense." Purvis, 580 F.2d at 858.
A defect in the indictment associated with an essential element of the offense which leaves the accused unaware of the nature and cause of the charge cannot be waived. Crews v.State, 374 So.2d 436, 442-43 (Ala.Cr.App. 1979); Andrews v.State, 344 So.2d 533, 534-35 (Ala.Cr.App.), cert. denied,344 So.2d 538 (Ala. 1977). Where an indictment is void and does not charge an offense, this Court is bound to take notice of such a defect even in the absence of an objection. Edwards v. State,379 So.2d 336, 338 (Ala.Cr.App. 1979), cert. denied,379 So.2d 339 (Ala. 1980).
The new theft of property offense defined in Section 13A-8-2
requires proof of an intent "to deprive the owner of his property", as that phrase is defined in Section 13A-8-1 (2). Commentary to Section 13A-8-5. It is clear that intent to deprive is an essential element of the offense of theft. Consequently, an indictment which fails to aver the specific intent to deprive is fatally defective. 52A C.J.S. Larceny, Section 85 (b) (1968).
The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that "the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference." State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State,17 Ala. App. 143, 82 So. 627 (1919), and "nothing is to be left to implication or intendment, or to conclusion." *Page 614 Mastoras v. State, 28 Ala. App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115 (1938). A court is "without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive." Crump v. State, 30 Ala. App. 241, 242, 4 So.2d 188
(1941).
A reference to a statutory source in an indictment is a "matter of convenience and not of substance." Pate v. State,45 Ala. App. 164, 166, 227 So.2d 583 (1969). "The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegation."Harper v. United States, 27 F.2d 77, 79 (5th Cir. 1928); Allenv. State, 33 Ala. App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State,53 Ala. App. 663, 303 So.2d 162 (1974).
Upon these authorities we conclude that a reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment.
Under the cases cited by the Attorney General, we have no alternative but to find that the indictment in this case is void and fatally defective. See McCord, supra. We have been cited no authority which would warrant the finding that the indictment in the instant case is merely voidable rather than void. An indictment that fails to state an offense will not support a judgment of conviction. Mays v. City of Prattville,402 So.2d 1114, 1117 (Ala.Cr.App. 1981). The judgment of the circuit court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HARRIS, P.J., and TYSON and BARRON, JJ., concur.
DeCARLO, J., concurs in result.