Al Joseph Felder was convicted of obtaining a certificate of title to a vehicle by fraud in violation of Alabama Code 1975, § 32-8-12. He received a three-year suspended sentence.
Felder contends that the trial court erred in denying his motion for judgment of acquittal and his motion in arrest of judgment. He contends the indictment was defective.
Section 32-8-12(4) of the Code of Alabama 1975 provides:
 "A person is guilty of a felony who, with fraudulent intent: * * * (4) Uses a false or fictitious name or address, or makes a material false statement, or fails to disclose a security interest, or conceals any other material fact, in an application for a certificate of title." (Emphasis added).
The indictment upon which Felder was tried stated:
 "The Grand Jury of . . . [Montgomery] County charge that, before the finding of this indictment, Al Joseph Felder . . ., used a false or fictitious name or address, or made a material false statement, or failed to disclose a security interest *Page 818 
or concealed a material fact, in an application for a certificate of title, to-wit: Alvin Moncrief, in violation of Section 32-8-12 of the Code of Alabama 1975 as amended against the peace and dignity of the State of Alabama."
The indictment is defective because it omits the all-important element of "fraudulent intent." " 'If the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense.' " Barbee v. State, 417 So.2d 611, 612-13
(Ala.Cr.App. 1982); Tinsley v. State, 485 So.2d 1249, 1251
(Ala.Cr.App. 1986). If the intent is a statutory constituent, not only the acts which constitute the offense, but the intent with which they are committed must also be alleged. Barbee, 417 So.2d at 613. "[A] reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment." Barbee, 417 So.2d at 614. The indictment in this case omits an essential statutory element of the offense charged and it is, therefore, void.
 "A demurrer is the normal procedure to raise defects going to the validity of an indictment. Due process mandates that a defect pertaining to an essential element of the offense, which renders the accused unaware of the nature and cause of the charge against him, cannot be waived by failure to demur. An indictment must contain the elements of the offense charged, and also sufficiently apprise the appellant of what he must be prepared to meet." Hardy v. State, 409 So.2d 996, 1001
(Ala.Cr.App. 1982).
See Edwards v. State, 379 So.2d 336, 338 (Ala.Cr.App. 1979), cert. denied, Ex parte Edwards, 379 So.2d 339 (Ala. 1980). This Court is bound to take notice to defects in an indictment which render it void, even in the absence of an objection. Barbee, supra; Edwards, supra. The Attorney General candidly admits that "Barbee, . . . appears to be controlling on this issue." Appellee's brief, p. 5.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.