McMILLAN, Judge.
The appellant, Samuel Smith, entered a guilty plea to rape in the second degree, in violation of § 13A-6-62, Ala.Code 1975. He was sentenced to 10 years’ imprisonment; that sentence was split, and he was ordered to serve three years, concurrently with other cases. He was also required to complete his GED and a substance abuse *323 program as well as to undergo counseling as a sex offender. He was ordered to pay restitution in the amount of $2,150, $50 to the crime victims assessment fund, and attorney fees.
The appellant’s counsel on appeal has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that, after a review of the record, he could find no reversible error to present to this Court and that he believed an appeal would be without merit.
A review of the record indicates that the appellant’s indictment was improper, in that it charged rape in the first degree based on the victim’s age, although it cited the statute defining rape in the second degree. Specifically, the indictment charged that the appellant “did engage in sexual intercourse with [the victim], a female, who was less than twelve years of age, he, the said Samuel Smith, alias, being sixteen years or older, in violation of Section 13A-6-62 of the Code of Alabama. ...” A review of the record, which includes the guilty plea colloquy, including the establishment of the factual basis for the plea, and the sentencing hearing, as well as the hearing on the motion to modify sentence, all indicate that the appellant was aware that the victim was 15 at the time of the sentencing hearing, at the time that he was charged. He alleged that at the time of the offense he was unaware of her age; however, her father, with whom she was living, testified that the appellant was aware of his daughter’s age and further testified that he had instructed the appellant to refrain from calling her or from coming by the house. The victim and the appellant became involved in a sexual affair for approximately a year, and the victim became pregnant. At the guilty plea hearing, the appellant acknowledged the factual basis of the offense, i.e., that he had engaged in sexual intercourse with the victim who was between the ages of 12 and 16 years, and voluntarily entered a guilty plea to rape in the second degree. It is clear that the appellant, the defense counsel, the prosecutor, and the trial judge all understood that the appellant was charged with rape in the second degree; moreover, the appellant was clearly on notice of the exact charge against him. The record reflects that a judgment of guilt as to rape in the second degree was then entered and that the appellant was sentenced accordingly. Neither the appellant nor defense counsel at any time raised the issue of improper indictment before trial, before the judgment was entered, after it was entered, or on appeal.
While it is clear that the indictment against the appellant was improper because it stated as a factual element the victim’s age for the offense of rape in the first degree rather than rape in the second degree, the indictment stated the correct Code section for rape in the second degree. This, however, • does not cure a faulty indictment that fails to properly set out the requisite elements of the offense and thereby fails to confer subject matter jurisdiction.
“ ‘We have uniformly dismissed on objection before verdict indictments for failure to include an essential statutory element despite the inclusion of a citation to the statute itself in the indictment. See United States v. Hooker, 841 F.2d 1225 (4th Cir.1988); United States v. Hayes, 775 F.2d 1279, 1282 (4th Cir.1985); United States v. Pomponio, 517 F.2d 460, 461 (4th Cir.1975), cert. denied, 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). We hold that a mere citation to the applicable statute does not give the defendant notice of the nature of the offense. An indictment that must rely on a statutory citation does not “fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.” See Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907-08, 41 L.Ed.2d 590 (1974). Furthermore, a statutory citation does not *324 ensure that the grand jury has considered and found all essential elements of the offense charged, it therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless on indictment of a grand jury. See Hooker, supra.
“ ‘As we stated in Hooker, when an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and a conviction under the indictment may not stand, provided the omission is timely raised. Such an objection is timely filed at any time prior to verdict. Fed.R.Crim.P. 12(b).’ ”
Ex parte Harper, 594 So.2d 1181, 1192 (Ala.1991).
However, as stated in Ex parte Harper, supra at 1191, generally an objection to an indictment must be raised before trial. Under Alabama law, there are two exceptions to this general rule. Id. “The exceptions are for objections based upon lack of subject matter jurisdiction and failure to charge an offense.” Id., citing the Committee Comments to Rule 15.2, Ala. R.Crim.P. “Those two objections can be raised ‘by the court or by motion of the defendant at any time during the pendency of the proceeding.’ (Emphasis added.) ... ‘Pendency of the proceeding’ obviously refers only to the proceeding in the trial court, and this interpretation of the Rule is consistent with Federal cases interpreting a similar Rule of criminal procedure.” Ex parte Harper, supra at 1191-92,
In Ex parte Harper, supra, the Alabama Supreme Court held that an indictment that failed to allege that an offense was knowingly committed was not fatally defective, where the indictment properly cited the applicable Code section and the matter was raised for the first time in the petition filed in that Court. The Court indicated that many of the cases discussing the requirements of indictments were decided before the adoption of the Alabama Rules of Criminal Procedure. The Court specifically referred to the rule requiring that the customary citation of the statute alleged to have been violated be included in the indictment. The Court concluded that, even if the inclusion of that citation did not cure the omission of the requisite scienter element, the appellant “failed to raise an objection timely,” id. at 1194, in that no objection was entered during the pendency of the proceeding.
In the present case, the indictment was voidable rather than void in that it was basically duplicitous. “Duplicative counts in an indictment result, from the improper joinder of two or more separate and distinct offenses in one and the same count. Capps v. State, 587 So.2d 442 (Ala.Cr.App.1991); Tucker v. State, 537 So.2d 59 (Ala.Cr.App.1988).” Borden v. State, 711 So.2d 498, 501 (Ala.Cr.App.1997). Although the language of the indictment technically charged the appellant with two offenses, the appellant and his counsel understood that he was being charged with rape in the second degree and that the facts and evidence supported this charge. No objection based on duplicity or improper indictment was ever raised; thus, the matter was waived.
A review of the record in this case in its entirety indicates that the appellant was charged with rape in the second degree and was not convicted of this offense as a lesser included offense. He understood the nature of the charges against him and was fully aware of the factual basis of his offense. Thus, he was convicted of the offense of which he was charged and not as a lesser included offense. Furthermore, any objection toward the exact language used in the indictment on appeal would be precluded because no objection was raised during the pendency of the proceedings. Thus, the appellant’s conviction and sentence are due to the affirmed.
AFFIRMED.
COBB and FRY, JJ., concur.
BASCHAB, J., dissents, with opinion, which LONG, P.J., joins.