The appellant, Jason William Payne, was convicted of first-degree burglary, a violation of § 13A-7-5(a)(2), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c), Ala. Code 1975. The appellant filed a motion for a new trial, which was denied by operation of law. This appeal followed.
Our examination of the record reveals that the indictment against the appellant alleged that he
 "did, on or about September 25, 2003, knowingly and unlawfully enter or remain unlawfully in the dwelling of John Lacy, and while effecting entry or while in the dwelling or in immediate flight therefrom, the said Jason Payne or another participant did cause physical injury to John Lacy, to-wit: by striking him about the head and body with their fists, in violation of § 13A-7-5 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C.R. 6.) Section 13A-7-5(a), Ala. Code 1975, provides, in pertinent part:
 "A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
". . . .
 "(2) Causes physical injury to any person who is not a participant in the crime. . . ."
(Emphasis added.)
 "An indictment must include all of the essential elements that constitute the offense, and it must not leave any element open to inference. See Heidelberg v. State, 575 So.2d 621, 622 (Ala.Cr.App. 1991); Barbee, 417 So.2d at 613. The intent to commit a specific crime is an essential element of burglary in the first degree, as compared, for example, to criminal trespass in the first degree, which does not require this element. It is clear that an indictment charging burglary must set forth the specific crime intended to be committed within the dwelling. See Popwell v. State, 480 So.2d 41, 45 (Ala.Cr.App. 1985) (a burglary indictment must set forth and define the crime intended to be committed and `the use of broad terms such as "intent to commit a felony" is not sufficient'). This court is `bound, even in the absence of an objection, to take notice of the indictment's failure to include an essential element of the offense.' Heidelberg, 575 So.2d at 622 (holding an indictment void for failing to allege an essential element of the crime). In order for a court to exercise jurisdiction, it must have jurisdiction over the accused and the crime, and the indictment must sufficiently charge the accused. See id. Absent an allegation in [the appellant's] indictment charging first-degree burglary that [the appellant] intended to commit *Page 1181 
a specific crime while in the [the victims'] basement, [the appellant] was not put on notice of the crime of which he was accused and which he had to defend against."
Lanier v. State, 733 So.2d 931, 936-37 (Ala.Crim.App. 1998) (footnote omitted).
In this case, the indictment against the appellant did not allege that the appellant entered the victim's dwelling with the intent to commit a specific crime therein. Therefore, the indictment and the resulting conviction are void. However,
 "we note that the State may reindict [the appellant] for the proper offense. See Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002) (`A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.') (citing Dutton v. State, 807 So.2d 596 (Ala.Crim.App. 2001); Cox v. State, 585 So.2d 182, 192
(Ala.Crim.App. 1991); and Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim.App. 1985)). See also the statute of limitations tolling provisions of Rule 15.5(c), Ala. R.Crim. P., and § 15-3-6, Ala. Code 1975."
Cogman v. State, 870 So.2d 762, 766 (Ala.Crim.App. 2003). Accordingly, we reverse the trial court's judgment and remand this case to that court for proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur. *Page 1182