931 So.2d 69 (2005)
R.S.M.
v.
STATE of Alabama.
CR-04-1609.
Court of Criminal Appeals of Alabama.
November 23, 2005.
*70 W. Donald Bolton, Jr., Foley; and W. Gregory Hughes, Mobile, for appellant.
Troy King, atty. gen., and Kristi L. Deason Hagood, asst. atty. gen., for appellee.
PER CURIAM.
On August 4, 2004, the appellant, R.S.M., pleaded guilty in the Baldwin Juvenile Court to contributing to the delinquency of a minor, a violation of § 12-15-13, Ala.Code 1975.[1] He was sentenced to one year's imprisonment; the sentence was split, and he was ordered to serve 30 days in confinement followed by 12 months on probation. R.S.M. attempted to appeal his conviction to this Court; however, this Court determined that the record was inadequate for an appeal, see Rule 28(B), Ala.R.Juv.P., and by order dated December 13, 2004, transferred the case to the Baldwin Circuit Court for a trial de novo. (Case no. CR-03-1962.) On April 18, 2005, R.S.M. pleaded guilty in the Baldwin Circuit Court to contributing to the delinquency of a minor. He was sentenced to one year's imprisonment; the sentence was split, and he was ordered to serve 30 days in confinement followed by 12 months on probation. Before entering his plea in the circuit court, R.S.M. expressly reserved the right to appeal the circuit court's denial of his motion to dismiss the charge against him on the ground that the juvenile court, and thus the circuit court in *71 the appeal for a trial de novo, lacked jurisdiction to accept his plea.

I.
R.S.M. first contends that the juvenile court lacked jurisdiction to accept his plea to contributing to the delinquency of a minor because, he says, the State did not follow the procedures for initiation of juvenile cases set out in § 12-15-50, Ala.Code 1975, and Rule 12, Ala.R.Juv.P.
Section 12-15-50, Ala.Code 1975, provides:
"Cases before the court shall be initiated by the filing of a petition by the intake officer who shall receive verified complaints and proceed thereon pursuant to rules of procedure adopted by the Supreme Court."
Rule 12, Ala.R.Juv.P., provides:
"(A) Any person or agency having knowledge of the facts may make a complaint to the intake office; the complaint shall allege facts sufficient to establish the jurisdiction of the court and the child's delinquency, dependency, or need of supervision. A complaint is made when it is filed with the intake office, which shall immediately note thereon the date and time of filing.
"(B) When a complaint is made, the intake office shall conduct a preliminary inquiry to determine whether the child is within the jurisdiction of the court and whether the best interests of the child or of the public require that a petition be filed.
"(C) If it appears from the preliminary inquiry that the child is within the jurisdiction of the court, the intake office shall either:
"(1) Utilize the informal adjustment process provided by Rule 15; or
"(2) File a petition if judicial action appears necessary.
"(D) The filing of a petition shall occur within 14 days of receipt of the complaint, except as provided in Rule 15 or when a child has been detained.
"(E) In cases of the violation of a law or ordinance relating to the operation of a motor vehicle by a child under the age of 16 and in the case of a child charged pursuant to § 32-5A-191, Ala.Code 1975, the issuance of a traffic citation or summons shall be sufficient to invoke the jurisdiction of the court."
(Emphasis added.)
As the State correctly points out in its brief to this Court, § 12-15-50 and Rule 12 specify how to initiate proceedings against a minor in juvenile court; they do not, however, specify how to initiate proceedings against an adult for the misdemeanor offense of contributing to the delinquency of a minor. Thus, those provisions are inapplicable to this case. Rather, § 12-15-13, Ala.Code 1975, which defines the offense of contributing to the delinquency of a minor and, uniquely, places jurisdiction over such offense, even if committed by an adult, in the juvenile court, sets forth the procedure for initiating proceedings against an adult. Section 12-15-13 provides:
"(a) It shall be unlawful for any parent, guardian or other person to willfully aid, encourage or cause any child to become or remain delinquent, dependent or in need of supervision or by words, acts, threats, commands or persuasions, to induce or endeavor to induce, aid or encourage any child to do or perform any act or to follow any course of conduct which would cause or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision or by the neglect of any lawful duty or in any other manner contribute to the delinquency, dependency or need of supervision of a child. The *72 employment of any child in violation of any of the provisions of the child labor law, or permitting, conniving at, aiding or abetting such employment shall be held to be encouraging, causing and contributing to the delinquency, dependency or need of supervision of such child. Failure on the part of any parent, guardian or other person having custody of the child to cause such child to attend school as required by the compulsory attendance law shall be held to be encouraging, causing and contributing to the delinquency, dependency or need of supervision of such child.
"(b) Whenever, in the course of any proceedings under this chapter or when, by affidavit as provided in this subsection, it shall appear to the juvenile court that a parent, guardian or other person having custody, control or supervision of a child or any other person not standing in any such relation to such child has aided, encouraged or caused such child to become delinquent, dependent or in need of supervision, as defined in this chapter, or has by words, act or omission contributed thereto or has, by threats, commands or persuasion, induced or endeavored to induce, aided or encouraged such child to do or perform any act or to follow any course of conduct which would cause or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision, the court shall, for the protection of such child from such influences, have jurisdiction in such matters, as provided in this section. The court shall cause such parent, guardian or other person to be brought before it upon either summons or a warrant, affidavit of probable cause having first been made.

"(c) Whoever violates any provision of this section shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $500.00 or sentenced to hard labor for the county for a period not to exceed 12 months or both.
"(d) Upon conviction, the court shall have the power to suspend any sentence, remit any fine or place such person on probation under such orders, directives or conditions for his discipline and supervision as the court deems fit."
(Emphasis added.)
In this case, the State followed the procedure set forth in § 12-15-13. Scott Bidwell, a detective with the Daphne Police Department, submitted an affidavit/complaint of probable cause and obtained an arrest warrant (C. 2);[2] the juvenile court then issued a summons for R.S.M. to appear in court. (C. 13.) Therefore, R.S.M.'s argument in this regard is meritless.

II.
R.S.M. also contends that the juvenile court lacked jurisdiction to accept his guilty plea because, he says, the affidavit/complaint submitted in support of the arrest warrant did not state an offense. Specifically, he argues that the affidavit/complaint failed to allege the age of the alleged victim or that the victim was a minor, which he says is an essential element of the offense of contributing to the delinquency of a minor. We agree.
*73 Initially, we note that the arrest warrant and its corresponding affidavit/complaint are a single document, entitled "Warrant and Affidavit," consisting of two sections  the top section contains the affidavit/complaint made under oath by Det. Bidwell, and the bottom section is the actual warrant of arrest. (C. 2.) The affidavit/complaint portion of the document states:
"Before me the undersigned Judge/Clerk/Magistrate of the District Court of Baldwin County, Alabama, personally appeared Det. Scott Bidwell, Daphne [Police Department] who being first duly sworn deposes and says that he/she has probable cause for believing, and does believe that within twelve months within said county on or about (date) April 5, 2004, one [R.S.M.] did go into his stepdaughter's bedroom in his underwear and proceeded to get into bed with her[,] he told her he was going to show her how to please a man and started to rub his hands over her body, in violation of § 12-15-13 of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C. 2.) The warrant portion of the document, entitled "Warrant of Arrest," states, in pertinent part:
"To any lawful officer of the State of Alabama:
"You are hereby commanded to arrest [R.S.M.] and bring him/her before the District Court of Baldwin County, to answer the State of Alabama on a charge of Contributing to the Delinquency of a Minor, and have with you then this writ with your return thereon."
(C. 2.)
Although both are included in a single document, in reviewing the sufficiency of the accusation in this case, we may review only the affidavit/complaint, and not the actual warrant of arrest. In Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988), this Court explained:
"`It is well settled, at common law and from the earliest colonial days in this country, that a prosecution for a crime must be preceded by a formal accusation. Thus, a legally effective criminal prosecution requires that a formal charge be openly made against the accused by an indictment or presentment of a grand jury, or by an information of a prosecuting attorney.'
"2 Wharton's Criminal Procedure § 225 (C. Torcia 12th ed.1974).
"`Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
"`To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const.1901, § 6; Butler v. State, 130 Ala. 127, 30 South. 338; Miles v. State, 94 Ala. 106, 11 South. 403; 12 Cyc. 221 (VI, H).
"`Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 South. 466.'
"Sherrod v. State, 14 Ala.App. 57, 59-60, 71 So. 76, 78, rev'd on other ground, 197 Ala. 286, 72 So. 540 (1916)."
529 So.2d at 1077-78 (emphasis added). See also Ex parte Looney, 797 So.2d 427 (Ala.2001) (holding that district attorney's failure to make an information under oath rendered the information defective and deprived the trial court of jurisdiction).
*74 Although § 12-15-13(b), Ala.Code 1975, provides that a warrant or summons supported by an affidavit of probable cause is the proper way to initiate criminal proceedings for the offense of contributing to the delinquency of a minor, because all criminal proceedings must be commenced by a formal accusation made under oath, see Rules 2.1 and 2.3, Ala.R.Crim.P., it is the affidavit/complaint, which is made under oath, not the warrant or summons, neither of which are made under oath, that confers jurisdiction on the juvenile court on a charge of contributing to the delinquency of a minor. Indeed, § 12-15-13(b) clearly states that "when, by affidavit as provided in the subsection, it shall appear [that a violation of § 12-15-13(a) has occurred], the court shall ... have jurisdiction in such matters. . . ." (Emphasis added.) Therefore, when reviewing the sufficiency of the charging instrument in this case, we consider only the affidavit/complaint of Det. Bidwell and not the warrant of arrest.
Rule 13.1(c), Ala.R.Crim.P., defines a complaint as "a written statement made upon oath before a judge, magistrate, or official authorized by law to issue warrants of arrest, setting forth essential facts constituting an offense and alleging that the defendant committed the offense." See also Rule 2.3, Ala.R.Crim.P. It is well settled that a charging instrument "`"must clearly inform the accused of the offense with which he is being charged and must do so in language that is readily understood by the ordinary person."'" Vaughn v. State, 880 So.2d 1178, 1192 (Ala. Crim.App.2003), quoting Dobyne v. State, 805 So.2d 733, 750 (Ala.Crim.App.2000), aff'd, 805 So.2d 763 (Ala.2001), quoting in turn Thatch v. State, 432 So.2d 8, 10 (Ala. Crim.App.1983). Moreover, "`[i]f the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense.'" Barbee v. State, 417 So.2d 611, 612-13 (Ala.Crim.App.1982), quoting Holt v. State, 86 Ala. 599, 600, 5 So. 793, 793 (1888). "An indictment must include all of the essential elements that constitute the offense, and it must not leave any element open to inference." Lanier v. State, 733 So.2d 931, 936 (Ala.Crim.App.1998). "A criminal complaint which fails to include an essential element of the statute cannot support a conviction," Driskill v. State, 376 So.2d 678, 679 (Ala.1979), and the "[f]ailure to allege an essential element of the charged offense is a jurisdictional defect." Ex parte Lewis, 811 So.2d 485, 487 (Ala. 2001).
"Although the law does not compel a `ritual of words' in an indictment, `(t)he omission of an element of the crime, however, is not a mere formality that may be waived.' United States v. Purvis, 580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir.1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). `An indictment that fails to allege each material element of an offense fails to charge that offense.' United States v. London, 550 F.2d 206, 211 (5th Cir.1977)."
Barbee, 417 So.2d at 613.
The first sentence in § 12-15-13(a), Ala. Code 1975, provides four alternative methods of committing the offense of contributing to the delinquency of a minor: (1) "willfully aid[ing], encourag[ing] or caus[ing] any child to become or remain delinquent, dependent or in need of supervision"; (2) using "words, acts, threats, commands or persuasions, to induce or endeavor to induce, aid or encourage any child to do or perform any act or to follow any course of conduct which would cause *75 or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision"; (3) "neglect[ing]. . . any lawful duty" thereby contributing to the delinquency, dependency or need of supervision of the child; and (4) "in any other manner contribut[ing] to the delinquency, dependency or need of supervision of a child." See Senf v. State, 622 So.2d 435 (Ala.Crim.App.1993). "Child" is defined in § 12-15-1(3), Ala. Code 1975, as "[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual's 18th birthday." Based on the prosecutor's factual basis for R.S.M.'s plea, it is clear that the State was proceeding against R.S.M. based on the first sentence in § 12-15-13; however, it is not clear whether the prosecutor was proceeding under alternative one or two, as set forth above.[3]
Regardless of which alternative the prosecutor was proceeding under, as R.S.M. correctly argues the affidavit/complaint in this case did not allege the age of the victim, R.S.M.'s stepdaughter, A.R., or allege that A.R. was a minor, an essential statutory element of the offense of contributing to the delinquency of a minor under any of the alternatives. Although we do not doubt that R.S.M. knew the age of his own stepdaughter, the fact that R.S.M. knew the age of A.R. does not, as the State argues, cure the defect in the affidavit/complaint. As noted above, all statutory elements of an offense must be charged in the formal accusation and no element may be left to inference.
In addition, although not argued by R.S.M., we also point out that while the affidavit/complaint alleged specific acts and words on the part of R.S.M.  getting into bed with A.R. while he was clothed only in his underwear, rubbing his hands over A.R.'s body, and making certain statements to A.R.  the affidavit/complaint did not allege, in the words of the statute or in words equivalent in meaning, that R.S.M. wilfully aided, encouraged, or caused A.R. to become or remain delinquent, dependent, or in need of supervision (as required under the first alternative set out above), or that R.S.M.'s acts or words induced, aided, or encouraged A.R. to do or perform any act or to follow any course of conduct that would cause or manifestly tend to cause A.R. to become or remain delinquent, dependent, or in need of supervision (as required under the second alternative set out above).
Therefore, the affidavit/complaint in this case failed to allege all of the essential elements of the offense of contributing to the delinquency of a minor. Indeed, absent the citation to § 12-15-13 in the affidavit/complaint and the name of the offense listed on the arrest warrant, it would be impossible to determine what offense was being charged against R.S.M. However, as noted above, the arrest warrant cannot be considered in determining the sufficiency of the accusation in this case because it was not made under oath as required for a formal accusation, and it is well settled that "`a mere citation to the applicable statute does not give the defendant *76 notice of the nature of the offense.'" Smith v. State, 777 So.2d 322, 323 (Ala. Crim.App.2000), quoting Ex parte Harper, 594 So.2d 1181, 1192 (Ala.1991). As this Court explained in Barbee:
"The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that `the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.' State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State, 17 Ala.App. 143, 82 So. 627 (1919), and `nothing is to be left to implication or intendment, or to conclusion.' Mastoras v. State, 28 Ala.App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115 (1938). A court is `without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.' Crump v. State, 30 Ala.App. 241, 242, 4 So.2d 188 (1941).
"A reference to a statutory source in an indictment is a `matter of convenience and not of substance.' Pate v. State, 45 Ala.App. 164, 166, 227 So.2d 583 (1969). `The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegation.' Harper v. United States, 27 F.2d 77, 79 ([8]th Cir.1928); Allen v. State, 33 Ala.App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State, 53 Ala.App. 663, 303 So.2d 162 (1974).
"Upon these authorities we conclude that a reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment."
417 So.2d at 613-14.
The affidavit/complaint in this case failed to charge the offense of contributing to the delinquency of a minor and was therefore void. Because the affidavit/complaint was void, the juvenile court, and thus the circuit court on appeal for a trial de novo, did not have jurisdiction to accept R.S.M.'s plea, and R.S.M.'s conviction and sentence must be reversed. We note, however, that the State may recharge R.S.M. for whatever offense, misdemeanor or felony, it believes is proper under the facts in this case. See, e.g., Payne v. State, 915 So.2d 1179 (Ala.Crim. App.2005), and Cogman v. State, 870 So.2d 762 (Ala.Crim.App.2003).
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs specially, with opinion, which WISE, J., joins.
SHAW, Judge, concurring specially.
Because it appears to me that the per curiam opinion correctly states and applies existing Alabama law with respect to the sufficiency of a criminal complaint, I must concur in reversing the circuit court's judgment. However, common sense tells me that R.S.M. could readily discern from Detective Bidwell's affidavit the nature of the charge against him. As the State points out, R.S.M. was clearly aware that his stepdaughter was a minor and that he was charged with violating § 12-15-13, Ala.Code 1975, by having improper sexual contact with her. I do not disagree that the affidavit was poorly written; however, *77 if I had the luxury of writing an opinion in this case on a clean slate, which, of course, I do not have, I would place less emphasis on the precise wording of the affidavit and more on the potential prejudice to R.S.M.'s substantial rights. See Rule 13.5(c)(2), Ala. R.Crim. P. Because R.S.M. was aware that his stepdaughter was a minor, and because the affidavit expressly identified the statute under which R.S.M. was charged,[4] I do not see how R.S.M. was prejudiced, i.e., I do not believe that the affidavit was so defective as to leave him unaware of the nature of the charge against him. See generally the concurring opinion of Justice Houston and the dissenting opinion of Justice See in Ex parte Lewis, 811 So.2d 485, 489-90 (Ala.2001).
WISE, J., concurs.
NOTES
[1] Section 12-15-13 is actually entitled "Causing, etc., of delinquency, dependency or need of supervision of children." For simplicity, we refer throughout this opinion to this offense as "contributing to the delinquency of a minor."
[2] To the extent that R.S.M. argues in his brief that the arrest warrant was obtained from the district court and not the juvenile court, we note that, although the preprinted warrant form indicates that it was issued in the district court, the warrant contains a juvenile court case number; therefore, it is clear that the district court was sitting as the juvenile court in this case. See § 12-15-2, Ala.Code 1975.
[3] The prosecutor stated: "[W]e would expect to show that [R.S.M.] did contribute to the delinquency, dependency, or causing a need of supervision [sic] through his words and acts to [A.R.], his stepdaughter, through acts and words of a sexual nature, causing her to be dependent under the definition of the law" in § 12-15-1(10)f., Ala.Code 1975 (defining a dependent child as one "[w]ho is in a condition or surroundings or is under such improper or insufficient guardianship or control as to endanger the morals, health, or general welfare of the child"). (R. 29.) This statement could fall under either alternative one or two; however, it would not fall under alternative three or four.
[4] Although the affidavit read "in violation of § 12-15-13 of the Code of Alabama" instead of "in violation of § 12-15-13(a)," only subsection (a) of § 12-15-13 defines the offense, and it does so in terms straightforward enough that even R.S.M. should have been able to understand that he was charged with causing the delinquency, dependency, or need for outside supervision of his stepdaughter by going into her bedroom clad only in his underwear and proceeding to get into bed with her, rubbing his hands over her body, and telling her he was going "to show her how to please a man."