(82 South. 627)

POORE v. STATE. (6 Div. 583.)

(Court of Appeals of Alabama. June 17, 1919.)

1. CRIMINAL LAW ⊙⟿260(13) — CONSENT TO TRIAL ON AFFIDAVIT FILED IN COUNTY COURT.

An accused may consent to be tried upon the original affidavit in the county court.

2. INDICTMENT AND INFORMATION ⊙⟿71 — REQUISITES—CERTAINTY.

While indictments or informations under the statutes are rather statements of legal conclusions than of facts, the rule that in an indictment or information nothing can be taken by intendment has not been changed.

3. INDICTMENT AND INFORMATION ⊙⟿78—ABBREVIATIONS.

Abbreviations which have acquired in commercial or scientific transactions a fixed and defined meaning may be tolerated in indictments and informations, but only when they are not disputable.

4. INDICTMENT AND INFORMATION ⊙⟿78—SUFFICIENCY OF INDICTMENT—ABBREVIATIONS.

An affidavit, reciting that defendant committed the offense of "V. P. L.," did not charge any offense.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Lawyer Poore was convicted of V. P. L., and appeals. Reversed and remanded.

C. E. Mitchell, of Hamilton, for appellant. J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] It appears from the record that the defendant consented that the cause be tried upon the original affidavit in the county court, as he had a right to do. Walker v. State, ante, p. 3, 81 South. 179. The original affidavit was as follows:

"Before me, H. V. Bostick, judge of the county court of said county, personally appeared J. W. Haney, who being duly sworn, doth depose and say that he has probable cause for believing, and doth believe, that the offense of V. P. L. has been committed in said county by Lawyer Poore, on the —— day of ——, 19—, against the peace and dignity of the state of Alabama," etc.

[2] A conviction followed, and defendant appeals, and now asserts that the affidavit charges no offense. While it is true that indictments or informations, under our statutes, are rather statements of legal conclu-

sions than of facts (Rivers v. State, 97 Ala. 72, 12 South. 434), the rule that in an indictment or information nothing can be taken by intendment (State v. Seay, 3 Stew. 123, 20 Am. Dec. 66) has not been changed.

[3] It is suggested by the Attorney General that this is a day of abbreviations, and his brief furnishes many striking examples of this fact. He also calls attention to certain abbreviations of which the court takes judicial knowledge. All of these have acquired in commercial or scientific transactions a fixed and defined meaning, and, when this is the case, their use in indictments or informations may be tolerated, but only when they are not disputable. Henry v. State, 33 Ala. 389.

[4] The abbreviations here used have not acquired such a meaning. It might have reference to the use of vulgar, profane language. Touching the profession of the law, it might as well signify "very profound lawyer," or "very poor lawyer," neither of which is an offense cognizable under the common law or the statutes.

Our conclusion is the affidavit upon which this defendant was tried and convicted charges no offense.

This view renders it unnecessary to pass upon the other questions raised and insisted upon as error.

Reversed and remanded.