The appellant, Willie Heidelberg, was indicted and convicted for the offense of promoting prison contraband in the first degree, as proscribed by § 13A-10-36(a)(2), Code of Alabama 1975. This conviction was pursuant to his plea of guilty. He was sentenced to 15 years' imprisonment as a habitual offender with three prior felony convictions, the sentence to run concurrently with the sentence he was presently serving.
This cause was originally submitted to this court for review pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). In exercising our duty mandated by theAnders Court, we reviewed the record and asked the parties to address the following issue: Is the instant indictment void for failing to allege the *Page 622 
element of "[b]eing a person confined in a detention facility," § 13A-10-36(a)(2)?
In response to this request, the attorney general argues that this issue is not preserved because it was not raised in the trial court. This argument is without merit, for we are bound, even in the absence of an objection, to take notice of the indictment's failure to include an essential element of the offense. See Stewart v. State [Ms. 1 Div. 34, September 21, 1990] (Ala.Cr.App. 1990), and cases cited therein. "[E]ven if a court has jurisdiction of the person and of the crime, an accusation made in the manner prescribed by law is a prerequisite to the court's power to exercise its jurisdiction." State v. Thomas, 550 So.2d 1067, 1070
(Ala. 1989). See also Ross v. State, 529 So.2d 1074, 1078
(Ala.Cr.App. 1988) (wherein the court held that "since the jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information, the requirement of such charging instrument is not waived by a guilty plea"); Tinsley v. State, 485 So.2d 1249, 1251
(Ala.Cr.App. 1986) (wherein the court held that "a void indictment gives the court no jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilty").
Clearly, the instant indictment failed to allege an essential element. Section 13A-10-36(a)(2) provides the following: "A person is guilty of promoting prison contraband in the first degree if . . . [b]eing a person confined in a detentionfacility, he intentionally and unlawfully makes, obtains or possesses any deadly weapon, instrument, tool or other thing which may be useful for escape." The indictment to which Heidelberg pleaded guilty charged that he "did intentionally and unlawfully make, obtain or possess a deadly weapon, instrument, tool or other thing, to-wit: (1) one prison made knife, . . . which may have been useful for escape." "If the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense." Barbee v. State, 417 So.2d 611, 612-13
(Ala.Cr.App. 1982) (quoting Holt v. State, 86 Ala. 599, 600,5 So. 793 (1888), and quoted in Tinsley v. State,485 So.2d at 1251). "The rule is that 'the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.' " 417 So.2d at 613
(quoting State v. Seay, 3 Stew. 123, 131 (Ala. 1830)).
Accordingly, we have no alternative but to declare the instant indictment void and to reverse and remand this cause.
REVERSED AND REMANDED.
All Judges concur.