The appellant, William Ray Ivey, was convicted of two counts of second-degree assault, a violation of § 13A-6-21(a)(4), Codeof Alabama 1975, and one count of disorderly conduct, a violation of § 13A-11-7, Code of Alabama 1975. He was sentenced to two years' imprisonment for each of the assault convictions; those sentences to run concurrently. The sentences were suspended and the appellant was ordered to serve 90 days in the county jail, followed by one year on work release. For the disorderly conduct conviction, the appellant was ordered to serve 90 days in the county jail; that sentence was to run concurrently with the sentences imposed for the assault convictions.
 I.
Upon initial examination, the appellant, in a somewhat confusing argument, appears to be contending that the jury's verdict finding him guilty of disorderly conduct is contrary to the law and the evidence adduced at trial. *Page 947 
On closer examination, however, it becomes clear that the appellant is not challenging the weight of the evidence used to convict him, but rather, that he is actually challenging the legality of his warrantless arrest for disorderly conduct.
As best as we can determine, the issue of the legality of the appellant's warrantless arrest is being raised for the first time on appeal. Our examination of the record reveals no pretrial motion to suppress, and no challenge to the legality of the warrantless arrest appears anywhere in the trial transcript. Accordingly, this issue has not been preserved for appellate review. See Pope v. State, 587 So.2d 1278, 1283
(Ala.Cr.App. 1991) ("The appellant's issue raised on appeal pertaining to . . . an alleged illegal arrest without a warrant . . . [is] procedurally barred from review for failure to preserve the issue by proper objection in the trial court.").
Even assuming that our interpretation of the appellant's legal argument is wrong and he is arguing that the verdict was against the great weight of the evidence, we note that there was sufficient evidence to present this case to the jury. As we stated in Smith v. City of Anniston, 668 So.2d 96, 98
(Ala.Cr.App. 1995):
 "While it is clear that [§ 13A-11-7, Code of Alabama 1975] requires that the offender intend to cause public inconvenience, annoyance, or alarm, or that the offender recklessly creates a risk thereof, such questions of intent are generally matters for the finders of fact. In the present case, because the appellant made the offensive comment, not only to the police officer, but also in the presence of other individuals who could hear and react, whether his conduct amounted to disorderly conduct was a question of fact for the jury. Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, the question must be submitted to the jury. See generally, Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). 'The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and base its verdict accordingly.' Id. at 1318."
Here, as in Smith, the evidence established that the appellant, using abusive language, yelled at Tiffany Weakley, his next-door neighbor. A number of Ms. Weakley's guests, who were present to celebrate her son's fifth birthday, overheard the appellant's language. Because there was sufficient evidence of the appellant's disorderly conduct, the trial court properly submitted the case to the jury. Weighing the evidence is strictly the province of the finder of fact. Therefore, we will not substitute our judgment for that of the jury on this issue.
 II.
The appellant contends that reversible error occurred when the trial court gave erroneous instructions to the jury regarding the offense of assault in the second degree. We agree.
The appellant and his sister, Wanda Ivey, were charged with violating § 13A-6-21(a)(4), which provides as follows:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
 "(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person."
Section 13A-6-22(a)(4) provides as follows:
 "(a) A person commits the crime of assault in the third degree if:
". . . .
 "(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person."
At the close of all the evidence, the trial court gave the following instruction on assault in the second degree:
 "A person commits the offense of assault in the second degree if with the intent to prevent a peace officer from performing a lawful duty they cause physical injury to *Page 948 
any person. To convict, the State must prove beyond a reasonable doubt each of the following elements of assault in the second degree: Number one, . . . . that the defendant William Ivey caused physical injury to any person or persons; namely, Officer Marty Ray and Officer Fred Bradford; number two, that the defendant acted with the intent to prevent a peace officer from performing a lawful duty. Physical injury means impairment of physical condition or substantial pain. A person acts intentionally with respect to a result or to conduct when his or her purpose is to cause that result or to engage in that conduct. If you find from the evidence that the State has proved beyond a reasonable doubt each of the elements of the offense of assault in the second degree as charged, then you shall find the defendants guilty of assault in the second degree. If you find that the State has failed to prove beyond a reasonable doubt any one or more of the elements of assault in the second degree, then you cannot find the defendants guilty of assault in the second degree."
(R. 230-32.)
After the trial court had completed its oral charge, defense counsel for codefendant Wanda Ivey objected to the court's instruction on second-degree assault, contending that the instruction did not "track the statute in that she intended to cause physical injury and caused physical injury." The appellant's counsel also objected on this ground. The prosecution agreed with defense counsel's assertion, stating "Your Honor, I think he may be — may be right about that. Apparently the statute says, 'he or she intends to cause physical injury and causes physical injury,' and apparently that doesn't say that in that form." (R. 237-38.) The trial court overruled counsel's objections to the instruction on second-degree assault.
The trial court is vested with broad discretion in formulating its jury charge, so long as the charge accurately reflects the law. Clark v. State, 621 So.2d 309, 324
(Ala.Cr.App. 1992); Ward v. State, 610 So.2d 1190, 1194
(Ala.Cr.App. 1992). In Ainsworth v. State, 465 So.2d 467, 471
(Ala.Cr.App. 1984), this Court stated:
 "Since Mitchell v. State, 210 Ala. 457, 98 So. 285
(1923), it has been uniformly held that it is the mandatory duty of a trial judge to instruct the jury orally on the different and distinguishing elements of the offense charged and that in the absence of such instructions from the court, the jury could not intelligently comply with their duty as jurors."
In the present case, the trial court's instruction failed to correctly define the offense of assault in the second degree because the instruction failed to include as an element of the offense that the defendant intended to cause physical injury and did cause physical injury to any person. Instead, the trial court inadvertently instructed the jury on the elements of third-degree assault. The incorrect instruction, in essence, allowed the jury to find the appellant guilty of second-degree assault under a lesser evidentiary standard than was required by law, and thereby lowered the state's burden of proof. Because the jury was incorrectly instructed concerning the elements of second-degree assault, the appellant's convictions for second-degree assault must be set aside.
The appellant's conviction for disorderly conduct is affirmed. However, the appellant's convictions for second-degree assault are reversed and the cause remanded to the circuit court for Lauderdale County for a new trial, or other relief consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur. *Page 1235