This appeal arises from the summary denial of a Rule 32, Ala.R.Crim.P., petition filed by the appellant, Frederick Douglas Byrd. On May 11, 1988, the appellant pleaded guilty to second-degree robbery; he was sentenced to life imprisonment. He did not directly appeal his conviction, but filed the Rule 32 petition on July 27, 1999, arguing that his guilty plea was not entered into voluntarily, that he was denied effective assistance of counsel, and that the trial court was without jurisdiction to render the judgment or to impose the sentence. The trial court denied the appellant's petition on August 13, 1999, without holding an evidentiary hearing. The appeal followed.
The appellant argues that the trial court lacked jurisdiction to accept his guilty plea to second-degree robbery because the information charging him with that offense failed to state the essential elements of that offense. The appellant concedes that the information sufficiently charged him with third-degree robbery, but claims that it did not satisfy all of the elements of § 13A-8-42(a), Ala. Code 1975, which provides:
 "A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 [setting out elements of robbery in the third degree] and he is aided by another person actually present."
The information against the appellant charges as follows:
 "Comes now the District Attorney for Lee County, Alabama, pursuant to the order heretofore entered by the Court in this case and charges that before the filing of this information, Frederick Douglas Byrd, alias Fred Byrd, whose true Christian name is otherwise unknown, did, in the course of committing a theft of lawful paper currency of the United States of America, the exact denominations of which are unknown, the property of Charles Richard Salmon, a sole proprietorship d/b/a Saco Service Station, use force or threaten the imminent use of force against the person of Charles Richard Salmon, with the intent to overcome his physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, in violation of § 13A-8-42 of the Code of Alabama, against the peace and dignity of the State of Alabama."
The above information fails to charge the essential element of second-degree robbery as required by § 13A-8-42, i.e., that the defendant be "aided by another person actually present" during the course of the robbery. This case appears to be similar to Howardv. State, 710 So.2d 456, 458-59 (Ala.Cr.App. 1996), judgment modified in Ex parte Howard, 710 So.2d 460 (Ala. *Page 989 
1997),[1] in which the indictment failed to include the element of being aided in the commission of the robbery. Such a failure to allege an essential element of the charged offense is a jurisdictional defect and the failure to raise such an issue at trial or on direct appeal does not constitute a waiver. Heidelbergv. State, 575 So.2d 621, 622 (Ala.Cr.App. 1991). Therefore, the State's argument that the issue is precluded is without merit. The information charging the appellant with second-degree robbery is void and the appellant's conviction is due to be set aside and the case is remanded to the trial court for proceedings consistent with this opinion. Howard, 710 So.2d at 459; Heidelberg, 575 So.2d at 622.
REVERSED AND REMANDED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.
[1] In Howard v. State, this Court reversed Howard's second- degree robbery conviction, because, although the issue was not raised before this Court, the indictment's failure to allege all of the essential elements of second-degree robbery presented a jurisdictional issue and the conviction was void. This Court further held that, although Howard's convistion for second-degree robbery was due to be reversed, Howard's convictions for robbery and for receiving stolen property, both concerning the same property, did not constitute double jeopardy as Howard argued on appeal. The Alabama Supreme Court, however, held in Ex parte Howard that Howard's conviction for robbery was barred by the doctrine of collateral estoppel, and was due to be reversed based upon that ground, explicitly withholding any determination on this Court's holding that the reversal was necessary because of the failure in the indictment.