811 So.2d 485 (2001)
Ex parte J.L. LEWIS.
(In re J.L. Lewis v. State of Alabama.)
1000397.
Supreme Court of Alabama.
May 25, 2001.
Charles H. Pullen, Huntsville, for petitioner.
Bill Pryor, atty. gen., and Joseph G.L. Marston III, asst. atty. gen., for respondent.
*486 LYONS, Justice.
J.L. Lewis was convicted of assault in the second degree, under § 13A-6-21, Ala. Code 1975. The Court of Criminal Appeals, on October 20, 2000, affirmed the conviction, without an opinion. Lewis v. State (No. CR-99-0799), ___ So.2d ___ (Ala.Crim.App.2000) (table). We granted certiorari review. Lewis challenges the indictment by arguing that it is void for failure to charge an essential element of the offense. We agree. We reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for further proceedings consistent with this opinion.
On November 16, 1996, law-enforcement officers were called to a domestic disturbance at the residence of Lewis's daughter and son-in-law. One of the officers who responded to the call, Deputy Craig Wells, testified that after the officers arrived at the scene, Lewis drove up to the residence, approached his son-in-law, and then struck him. Deputy Wells testified that he grabbed Lewis and pulled him away from his son-in-law and that Lewis turned with his left elbow and struck Deputy Wells in the mouth, breaking several of his teeth. Lewis was arrested and was subsequently indicted for assault in the second degree, a violation of § 13A-6-21, Ala.Code 1975.[1] The indictment read:
"The Grand Jury of said County charge, that before the finding of this indictment, J.L. LEWIS, whose name is unknown to the Grand Jury other than as stated, did, with intent to prevent a peace officer, as defined in Section 36-21-60 of the CODE OF ALABAMA, from performing a lawful duty, to-wit: trying to control a domestic dispute, cause physical injury to any person, to-wit: Deputy William Craig Wells of the Madison County Sheriff's Department, in violation of Section 13A-6-21 of the CODE OF ALAB[A]MA, against the peace and dignity of the State of Alabama."
The case was tried before a jury, which convicted Lewis on the charge of assault in the second degree. The trial court sentenced him to a term of imprisonment of five years. Lewis appealed to the Court of Criminal Appeals, which affirmed the conviction, with an unpublished memorandum holding that the indictment was sufficient because, that court held, it put Lewis on notice as to the nature and cause of the charge against him. Further, the Court of Criminal Appeals held that Lewis, by not objecting to the alleged defect until he had appealed, had waived any irregularity in the indictment.
Lewis argues that the indictment was void because it did not allege that he "intended to cause physical injury"he claims this is an essential element of the charge of assault in the second degree. He contends that this omission was a jurisdictional defect in the indictment and that the defect cannot be waived by failing to raise it at trial. Thus, he argues, his conviction should be reversed.
The State contends that Lewis clearly understood he was charged with assault in the second degree and that the defect in the indictment did not prejudice him. Further, the State claims that the indictment did allege that Lewis intentionally caused physical injury in three separate ways: (1) by alleging that Lewis actually caused physical injury to a personthe State says this allegation implied an intentional act rather than inadvertent one; (2) by alleging that Lewis intended to prevent *487 a peace officer from performing a lawful duty and in doing so caused physical injury the State says this allegation implied a specific intent and an intentional act; and (3) by referencing § 13A-6-21. The State also cites Ex parte Tomlin, 443 So.2d 59 (Ala.1983), the same case the Court of Criminal Appeals cited in affirming Lewis's conviction, for the proposition that an indictment is not necessarily made void by a failure to allege an element of the offense.
Section 15-8-25, Ala.Code 1975, states:
"An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment."
Section 13A-6-21(a)(4), Ala.Code 1975, part of the statute under which Lewis was convicted, states:
"(a) A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
"(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person."

(Emphasis added.) The language of subsection (a)(4) states three elements of the charge of assault in the second degree. First, a person must intend to prevent a "peace officer" (as defined in § 36-21-60), medical-emergency personnel, or a firefighter from performing a lawful duty. Second, that person must intend to cause physical injury. Third, that person must actually cause physical injury to another person.
In Ivey v. State, 710 So.2d 946 (Ala. Crim.App.1998), the Court of Criminal Appeals reversed two convictions of assault in the second degree under § 13A-6-21(a)(4) because the jury had not been instructed that in order to convict the defendant it had to find that he intended to cause the physical injury. The jury was instructed only that it had to find that the defendant had intended to prevent a peace officer from performing a lawful duty and that the defendant had caused physical injury to a person. This instruction omitted an essential element of the charge. The Court of Criminal Appeals stated:
"In the present case, the trial court's instruction failed to correctly define the offense of assault in the second degree because the instruction failed to include as an element of the offense that the defendant intended to cause physical injury and did cause physical injury to any person. Instead, the trial court inadvertently instructed the jury on the elements of third-degree assault. The incorrect instruction, in essence, allowed the jury to find the appellant guilty of second-degree assault under a lesser evidentiary standard than was required by law, and thereby lowered the state's burden of proof. Because the jury was incorrectly instructed concerning the elements of second-degree assault, the appellant's convictions for second-degree assault must be set aside."
710 So.2d at 948.
Failure to allege an essential element of the charged offense is a jurisdictional defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver. Byrd v. State, 763 So.2d 987 (Ala.Crim.App.2000), citing Heidelberg v. State, 575 So.2d 621, 622 (Ala. Crim.App.1991). According to Ivey, "inten[t] to cause physical injury" is an essential element of assault in the second degree under subsection (a)(4).
*488 In Barbee v. State, 417 So.2d 611, (Ala. Crim.App.1982), the Court of Criminal Appeals reversed a conviction for theft of property under § 13A-8-2, Ala.Code 1975, because the indictment failed to state the essential element of "intent to deprive the owner of his property." The court stated:
"Failure to charge an offense is the kind of defect involved in due process of law and it cannot be waived. Nelson v. State, 50 Ala.App. 285, 278 So.2d 734 (1973). Although the law does not compel a `ritual of words' in an indictment, `[t]he omission of an element of the crime, however, is not a mere formality that may be waived.' United States v. Purvis, 580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir.1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). `An indictment that fails to allege each material element of an offense fails to charge that offense.' United States v. London, 550 F.2d 206, 211 (5th Cir.1977). `Failure to charge specific intent is but a particular aspect of the failure to charge an offense.' Purvis, 580 F.2d at 858.
"A defect in the indictment associated with an essential element of the offense which leaves the accused unaware of the nature and cause of the charge cannot be waived. Crews v. State, 374 So.2d 436, 442-43 (Ala.Crim.App.1979); Andrews v. State, 344 So.2d 533, 534-35 (Ala.Crim.App.), cert. denied, 344 So.2d 538 (Ala.1977). Where an indictment is void and does not charge an offense, this Court is bound to take notice of such a defect even in the absence of an objection. Edwards v. State, 379 So.2d 336, 338 (Ala.Crim.App.1979), cert. denied, 379 So.2d 339 (Ala.1980)."
417 So.2d at 613; see also Felder v. State, 512 So.2d 817 (Ala.Crim.App.1987).
Further, Barbee clearly repudiates the State's allegations that the indictment sufficiently charged that Lewis intentionally caused physical injuryby implying that element and by referring to the Code section charging assault in the second degree. Barbee states:
"The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that `the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.' State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State, 17 Ala.App. 143, 82 So. 627 (1919), and `nothing is to be left to implication or intendment, or to conclusion.' Mastoras v. State, 28 Ala.App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115 (1938). A court is `without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.' Crump v. State, 30 Ala.App. 241, 242, 4 So.2d 188 (1941)."
417 So.2d at 613-14 (emphasis added).
The indictment charging Lewis with assault in the second degree did not include the essential element that Lewis "inten[ded] to cause physical injury," and that omission effectively voided the indictment. As the court stated in Barbee and Byrd, supra, this kind of defect cannot be waived.[2] Essentially, this indictment permitted *489 Lewis to be convicted of assault in the second degree, a Class C felony, while charging him only with the elements of assault in the third degree, § 13A-6-22(a)(4), Ala.Code 1975, a Class A misdemeanor; thus, the defect lowered the State's burden of proof.
The State's reliance on Ex parte Tomlin, 443 So.2d 59 (Ala.1983), is unsound. The facts of Tomlin are distinguishable from those of this case. In Tomlin, this Court upheld a conviction of first-degree murder under the 1975 death-penalty statute, § 13-11-2, Ala.Code 1975, which was later repealed. The defendant argued that the indictment under which he was charged was defective because it did not charge that the murders were done by "one or a series of acts." This Court held that although the statute included as an element of the offense that the victim was killed by "one or a series of acts," the omission of that element from count one of the indictment "did not ... leave the defendant unaware of the nature and cause of the charge against him in light of the reference to the death penalty statute by act number in each count of the indictment." Tomlin, 443 So.2d at 63 (emphasis added). The Tomlin opinion does not quote each count of the indictment charging Tomlin; however, this Court did include in its opinion count three, which clearly alleged that Tomlin intentionally killed the victims by "one or a series of acts." Therefore, Tomlin was well aware of the nature and cause of the charges against him.[3]
Finally, the State asks this Court to overrule a long line of precedent holding that the failure of an indictment to allege an essential element of the charge is a jurisdictional defect; the State argues that this precedent makes no sense in modern criminal procedure. We decline to overrule it.
The indictment charging Lewis with assault in the second degree was void for its failure to charge an essential element of that offense; Lewis could not waive the defect at trial. The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for that court to order further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON, J., concurs specially.
SEE, J., dissents.
HOUSTON, Justice (concurring specially).
If the indictment had read "in violation of Section 13A-6-21(a)(4)" instead of "in violation of Section 13A-6-21," then I would agree that Lewis had waived the irregularity in the indictment; in that case, *490 in my opinion, the indictment would not have been so defective as to leave Lewis unaware of the nature of the charge against him. Ex parte Tomlin, 443 So.2d 59, 62-63 (Ala.1983).
SEE, Justice (dissenting).
I respectfully dissent from the holding that Lewis's indictment was void because it left out an element of second-degree assaultthat the defendant had intended "to cause physical injury." § 13A-6-21, Ala.Code 1975.
The main opinion relies, in part, on Byrd v. State, 763 So.2d 987 (Ala.Crim.App. 2000). In Byrd, the Court of Criminal Appeals held that the failure of an indictment to allege an essential element of the charged offense is a jurisdictional defect, and, thus, that the defendant's conviction as to that offense must be set aside. 763 So.2d at 989. I disagree with the Court of Criminal Appeals' decision in Byrd.
Section 8 of the Constitution of Alabama of 1901, as amended by Amendment No. 37, requires that, except in cases not relevant here, the State proceed by indictment in a felony prosecution, and that this requirement of an indictment cannot be waived except under the express terms of the Amendment. Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913 (1958). Thus, jurisdiction of the court depends on the validity of the grand jury indictment.[4]
Whether an indictment is valid depends in part on the effect of the defects in the indictment itself. Rule 13.5, Ala. R.Crim. P., governs such defects, and Rule 13.5(c)(2) provides that "[n]o charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits." (Emphasis added.)[5]
Lewis's indictment left out an element of second-degree assaultthat the defendant had intended "to cause physical injury," but the indictment expressly referenced the applicable Code section, § 13A-6-21, Ala.Code 1975, which states in relevant part:
"(a) A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
"(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person."

Because the indictment expressly identifies the statute under which Lewis was charged, and that statute expressly states, as an element of the offense, that the defendant must have "intend[ed] to cause physical injury," I do not believe Lewis was prejudiced.[6]
To the extent that Byrd, supraand the line of similar caseshold that failure of *491 an indictment to allege an essential element of the charged offense is a per se jurisdictional defect, requiring that a conviction based on that indictment be set aside, I would overrule Byrd and that line of cases. If the omission of an element from the indictment "does not tend to prejudice the substantial rights of the defendant upon the merits," then I do not believe the indictment is invalid. Therefore, I would affirm the judgment of the Court of Criminal Appeals affirming Lewis's conviction.
NOTES
[1] The indictment also charged Lewis with assault in the third degree, a violation of § 13A-6-22, Ala.Code 1975. However, this charge was nol-prossed by the State.
[2] The dissent states that this opinion impliedly holds Rule 13.5(c)(2), Ala. R.Crim. P., "unconstitutional, since it permits an imperfect indictment." Rule 13.5(c)(2), promulgated after the Barbee decision, shields an indictment from a charge of invalidity unless the defendant has been substantially prejudiced on the merits. This opinion holds that because "intent to cause physical injury" is an essential element of the charge of assault in the second degree, the failure to allege that element in the indictment was a jurisdictional defecta defect "prejudicing the substantial rights" of Lewis. This opinion, therefore, upholds the rule by applying it according to its terms.
[3] Upon repealing § 13-11-2, the Legislature passed § 13A-5-40, Ala.Code 1975, which lists the offenses considered to be capital offenses, and § 13A-5-49, Ala.Code 1975, listing the aggravating circumstances used to determine the sentence of a person convicted of a capital offense. Section 13A-5-49(9) contemplates the original death-penalty statute and that portion of it that read "by one or a series of acts," by listing as an aggravating circumstance that "the defendant intentionally caused the death of two or more persons by one act or pursuant to one scheme or course of conduct." The aggravating circumstances enumerated in § 13A-5-49 that may lead to the imposition of the death penalty in a capital case are not elements of the offense and are not required to be set forth in the indictment. Dobard v. State, 435 So.2d 1338, 1347-49 (Ala.Crim.App.1982).
[4] A voluntary and understandingly made plea of guilty waives only nonjurisdictional defects. Dingler v. State, 408 So.2d 530 (Ala.1981). Cf. Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Crim.App.1986)(wherein the court, in following Dingler, held that "a void indictment gives the court no jurisdiction to proceed against an accused and [that] the defect of an indictment which fails to charge an offense is not waived by a plea of guilty").
[5] The implication of the main opinion is that Rule 13.5(c)(2), Ala. R.Crim.App., is unconstitutional, since it permits an imperfect indictment.
[6] The main opinion also relies on Barbee v. State, 417 So.2d 611 (Ala.Crim.App.1982), which predates this Court's adoption of the Alabama Rules of Criminal Procedure. See Hugh Maddox, Alabama Rules of Criminal Procedure, § 13.0, n. 9 (3d ed.1999).