WISE, Judge
(concurring specially).
I reluctantly concur with the main opinion’s reversal of Lewis’s second-degree assault conviction. Based on the Supreme Court’s opinion remanding this case, Ex parte Lewis, 811 So.2d 485 (Ala.2001), this Court has no choice but to find that Lewis’s indictment was void for failing to charge an essential element of the offense. However, I write to express my agreement with the following language in Justice See’s dissent:
“Whether an indictment is valid depends in part on the effect of the defects in the indictment itself. Rule 13.5, Ala.R.Crim.P., governs such defects, and Rule 13.5(c)(2) provides that ‘[n]o charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits.’ (Emphasis added [in Ex parte Lewis].)
[[Image here]]
“Because the indictment expressly identifies the statute under which Lewis was charged, and that statute expressly states, as an element of the offense, that the defendant must have ‘intend[ed] to cause physical injury,’ I do not believe Lewis was prejudiced.”
811 So.2d at 490. (Footnotes omitted.) Nonetheless, because this Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of that court,” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow *492 the decision of the majority in Ex parte Lewis, and to reverse Lewis’s conviction and to remand this case to the trial court for proceedings consistent with that opinion.