SHAW, Judge,
concurring specially.
Because it appears to me that the per curiam opinion correctly states and applies existing Alabama law with respect to the sufficiency of a criminal complaint, I must concur in reversing the circuit court’s judgment. However, common sense tells me that R.S.M. could readily discern from Detective Bidwell’s affidavit the nature of the charge against him. As the State points out, R.S.M. was clearly aware that his stepdaughter was a minor and that he was charged with violating § 12-15-13, Ala.Code 1975, by having improper sexual contact with her. I do not disagree that the affidavit was poorly written; however, *77 if I had the luxury of writing an opinion in this case on a clean slate, which, of course, I do not have, I would place less emphasis on the precise wording of the affidavit and more on the potential prejudice to R.S.M.’s substantial rights. See Rule 13.5(c)(2), Ala. R.Crim. P. Because R.S.M. was aware that his stepdaughter was a minor, and because the affidavit expressly identified the statute under which R.S.M. was charged,[4] I do not see how R.S.M. was prejudiced, i.e., I do not believe that the affidavit was so defective as to leave him unaware of the nature of the charge against him. See generally the concurring opinion of. Justice Houston and the dissenting opinion of Justice See in Ex parte Lewis, 811 So.2d 485, 489-90 (Ala.2001).
WISE, J., concurs.

. Although the affidavit read "in violation of § 12-15-13 of the Code of Alabama” instead of "in violation of § 12-15-13(a),” only subsection (a) of § 12-15-13 defines the offense, and it does so in terms straightforward enough that even R.S.M. should have been able to understand that he was charged with causing the delinquency, dependency, or need for outside supervision of his stepdaughter by going into her bedroom clad only in his underwear and proceeding to get into bed with her, rubbing his hands over her body, and telling her he was going "to show her how to please a man.”