On Return to Remand
On March 18, 2005, Joseph Wayne Madden appealed the circuit court's denial of his Rule 32, Ala. R.Crim. P., petition. We remanded the case by order for the trial court to supplement the record on appeal with a number of omitted items. On September *Page 604 
30, 2005, the trial court filed its return, which contained the requested information.
In his Rule 32 petition, Madden challenged a 1983 guilty-plea conviction for three counts of receiving stolen property in the first degree. Madden contended that all three of the indictments were void because they did not allege that he "intentionally" received, retained, or disposed of the property in question. He reasserts this contention on appeal.
Copies of the indictments provided by the trial court all charge that Madden "did receive, retain, dispose of stolen property . . . knowing that it was stolen, having reasonable grounds to believe it had been stolen and not having the intent to restore it to its owner, in violation of Section 13A-8-17
the Code of Alabama." The property in the three cases was a 1982 Freightliner truck valued at $95,000, a 1978 Ford truck valued at $1,500, and a 1979 Ford F-150 truck valued at $1,500. When Madden was convicted in 1983, § 13A-8-17(a), Ala. Code 1975, provided that "[r]eceiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree."[1]
Section 13A-8-16, Ala. Code 1975, provides, in pertinent part:
 "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
(Emphasis added.) In Cogman v. State, 870 So.2d 762
(Ala.Crim.App. 2003), this court held that the defendant's indictment and conviction for receiving stolen property in the first degree were void because the indictment failed to charge him with "intentionally" receiving, retaining or disposing of the property in question. In Grant v. State,904 So.2d 365 (Ala.Crim.App. 2005), we reached a similar result with regard to the defendant's indictment and conviction for receiving stolen property in the second degree.
The State asks this court to revisit the Cogman andGrant decisions and find that the Cogman
court's reliance on Ex parte Lewis, 811 So.2d 485
(Ala. 2001), was misplaced. The State contends that the word "intentionally," which was added to the definition of the "receiving" offense in 1977, is surplusage because, if a person knows property is stolen, he cannot receive, retain, or dispose of that property without having criminal intent. The State argues that intent to cause injury was an essential element inLewis because the offense in that case, second-degree assault, can result from nonintentional conduct.
The § 13A-8-16 Commentary explains the changes enacted in the 1977 Criminal Code provision, in pertinent part, as follows:
 "The Criminal Code continues a receiving offense but clarifies and broadens it. `Property' is given an extensive definition as in theft of property. See § 13A-8-K10). `Receiving' is defined as including `but is not limited to acquiring possession, control or title and taking a security interest in' property. Section 134A-8-K11). The Criminal Code substitutes `retain or dispose' for `conceal.' Realistically, one might entertain the requisite intent and knowledge while controlling property received innocently, or when disposing of it. Under this *Page 605 view, he is equally as culpable as one who buys the property with that knowledge. `Conceal' does not reach all of that conduct."
(Emphasis added.) This explanation is consistent with the holdings in Grant, Cogman, and Lewis. InGrant, 904 So.2d at 367-68, this court, quotingCogman, 870 So.2d at 764-66, stated:
 "`The Alabama Supreme Court addressed a similar problem in Ex parte Lewis, 811 So.2d 485
(Ala. 2001). In Lewis, the indictment charging Lewis with second-degree assault did not include the essential element of "inten[ding] to cause physical injury," as required by § 13A-6-21(a)(2), Ala. Code 1975. The Alabama Supreme Court held that the indictment was void "for its failure to charge an essential element of that offense" and that "Lewis could not waive the defect. . . ." 811 So.2d at 489. In so holding, the Alabama Supreme Court applied the following law and analysis:
 "`"In Ivey v. State, 710 So.2d 946
(Ala.Crim.App. 1998), the Court of Criminal Appeals reversed two convictions of assault in the second degree under § 13A-6-21(a)(4) because the jury had not been instructed that in order to convict the defendant it had to find that he intended to cause the physical injury. The jury was instructed only that it had to find that the defendant had intended to prevent a peace officer from performing a lawful duty and that the defendant had caused physical injury to a person. This instruction omitted an essential element of the charge. The Court of Criminal Appeals stated:
 "`"`In the present case, the trial court's instruction failed to correctly define the offense of assault in the second degree because the instruction failed to include as an element of the offense that the defendant intended to cause physical injury and did cause physical injury to any person. Instead, the trial court inadvertently instructed the jury on the elements of third-degree assault. The incorrect instruction, in essence, allowed the jury to find the appellant guilty of second-degree assault under a lesser evidentiary standard than was required by law, and thereby lowered the state's burden of proof. Because the jury was incorrectly instructed concerning the elements of second-degree assault, the appellant's convictions for second-degree assault must be set aside.'
 "`"710 So.2d at 948.
 "`"Failure to allege an essential element of the charged offense is a jurisdictional defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver. Byrd v. State, 763 So.2d 987 (Ala.Crim.App. 2000), citing Heidelberg v. State, 575 So.2d 621, 622
(Ala.Crim.App. 1991). According to Ivey, intent to cause physical injury is an essential element of assault in the second degree under subsection (a)(4).
 "`"In Barbee v. State, 417 So.2d 611
(Ala.Crim.App. 1982), the Court of Criminal Appeals reversed a conviction for theft of property under § 13A-8-2, Ala. Code 1975, because the indictment failed to state the essential element of `intent to deprive the owner of his property.' The court stated:
 "`"`Failure to charge an offense is the kind of defect involved in due process of law and it cannot be waived. Nelson v. State, 50 Ala.App. 285, 278 So.2d 734 (1973). Although *Page 606 
the law does not compel a "ritual of words" in an indictment, "[t]he omission of an element of the crime, however, is not a mere formality that may be waived." United States v. Purvis, 580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir. 1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). "An indictment that fails to allege each material element of an offense fails to charge that offense." United States v. London, 550 F.2d 206, 211 (5th Cir. 1977). "Failure to charge specific intent is but a particular aspect of the failure to charge an offense." Purvis, 580 F.2d at 858.'"'"
Madden's indictments omitted an essential element and permitted him to be convicted under a lesser evidentiary standard than required by law. Therefore, the judgment of the trial court must be reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
BASCHAB, J., concurs; SHAW, J., concurs in result; WISE, J., dissents, with opinion, in which COBB, J., joins.
[1] The statute was amended, effective September 1, 2003, to substitute "two thousand five hundred dollars ($2,500)" for "$1,000.00."