MURDOCK, Justice
(dissenting).
Respectfully, I dissent. I join Chief Justice Cobb’s well written dissenting opinion, and I write separately to further explain my views.
Rules 15.2(a) and (d), Ala. R.Crim. P., divide the universe of defects in indictments into two categories: those that must be raised in a pretrial motion and those that may be raised at “any time during the pendency of the proceeding.”[10] The latter *157 category includes defects that involve either a “lack of subject matter jurisdiction or the failure to charge an offense.” Rule 15.2(a) (emphasis added); see also Rule 15.2(d). Because the defect in the indictment of A.L.L. was that of “failure to charge an offense,” and because A.L.L. did file a motion to dismiss the indictment on that ground “during the pendency” of his trial, I conclude that the Court of Criminal Appeals correctly reversed the trial court’s judgment of conviction based on that indictment.[11]
As to whether the indictment here did or did not “charge an offense” — in my view, the dispositive issue in this case — it is true that the indictment tracked the language of the vehicular-homicide statute crafted by our legislature, § 32-5A-192(a), Ala Code 1975. As Chief Justice Cobb documents in her dissenting opinion, however, it is well established that “ ‘[a]n indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense.’ ” 42 So.3d at 154 n. 8 (quoting Ex parte Allred, 393 So.2d 1030, 1032 (Ala.1980)). Allred and numerous other Alabama and federal cases standing for this proposition are noted in Chief Justice Cobb’s dissent at notes 6 and 8 and in the accompanying text. See also Shouldis v. State, 953 So.2d 1275, 1283 (Ala.Crim.App.2006) (noting that an indictment does not charge an offense if it does not “ ‘ “ ‘apprise [the defendant] with a reasonable certainty of the nature of the accusation against him so that he may,’ ” ’ ” among other things, “ ‘ “ ‘prepare his defense’ ” ’ ” (quoting Moore v. State, 697 So.2d 800, 802 (Ala.Crim.App.1996), quoting other cases)).
In his special writing in Sullens v. State, 878 So.2d 1216, 1232-35 (Ala.Crim.App.2003) (Shaw, J., concurring in part and dissenting in part), then Judge Shaw relied, inter alia, upon the opinion written by Justice Lyons for the Court in Ex parte Lewis, 811 So.2d 485 (Ala.2001). Although overruled by Ex parte Seymour, 946 So.2d 536 (Ala.2006), insofar as it spoke to the separate issue of subject-matter jurisdiction, the teaching of Ex parte Lewis as to *158 the long-standing and well established requirements for “stating an offense” under both Alabama and federal law remains intact. It is worth repeating:
“ ‘Failure to charge an offense is the kind of defect involved in due process of law and it cannot be waived. Nelson v. State, 50 Ala.App. 285, 278 So.2d 734 (1978). Although the law does not compel a “ritual of words” in an indictment, “[t]he omission of an element of the crime, however, is not a mere formality that may be waived.” United States v. Purvis, 580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir.1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). “An indictment that fails to allege each material element of an offense fails to charge that offense.” United States v. London, 550 F.2d 206, 211 (5th Cir.1977). “Failure to charge specific intent is but a particular aspect of the failure to charge an offense.” Purvis, 580 F.2d at 858.
“ ‘A defect in the indictment associated with an essential element of the offense which leaves the accused unaware of the nature and cause of the charge cannot be waived. Crews v. State, 374 So.2d 436, 442-43 (Ala.Crim.App.1979); Andrews v. State, 344 So.2d 533, 534-35 (Ala.Crim.App.), cert. denied, 344 So.2d 538 (Ala.1977). Where an indictment is void and does not charge an offense, this Court is bound to take notice of such a defect even in the absence of an objection. Edwards v. State, 379 So.2d 336, 338 (Ala.Crim.App.1979), cert. denied, 379 So.2d 339 (Ala.1980).’
[[Image here]]
“ ‘The fact that the indictment refers to its statutory source cannot save it from being fatally deficient. The rule is that “the indictment must contain all the essentials to constitute the offense, explicitly charged, and that they must not be left to inference.” State v. Seay, 3 Stew. 123, 131 (1830). The indictment cannot be aided by intendment, Poore v. State, 17 Ala.App. 143, 82 So. 627 (1919), and “nothing is to be left to implication or intendment, or to conclusion.” Mastoras v. State, 28 Ala.App. 123, 126, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115 (1938). A court is “without authority to add to, or take from, any of the material averments in the indictment, which speaks for itself and is conclusive.” Crump v. State, 30 Ala.App. 241, 242, 4 So.2d 188 (1941).’ ”
Lewis, 811 So.2d at 488 (quoting Barbee v. State, 417 So.2d 611, 613-14 (Ala.Crim.App.1982) (emphasis added in Lewis)).
The indictment against A.L.L. failed to allege a required mens rea — under existing precedent, either criminal negligence, recklessness, or knowing conduct. See Ex parte Edwards, 816 So.2d 98 (Ala.2001). A.L.L. moved to dismiss that indictment during trial. Accordingly, I must conclude that the Court of Criminal Appeals correctly reversed the judgment of the trial court adjudicating A.L.L. a youthful offender based on that indictment.
I also write to express my disagreement with the main opinion’s endorsement of the view stated by the Court of Criminal Appeals in Sullens v. State, 878 So.2d at 1228, that “ ‘Edwards stands for the proposition that the trial court could have cured the [defect in the] indictment in its instructions to the jury.’ ” It seems to me that in most, if not all, circumstances a jury instruction either will be unnecessary to “cure” a defect in an indictment or, more importantly, it will be inadequate for that purpose. If there is a field of operation for the quoted proposition — i.e., a set of cases in which a jury instruction is both necessary and adequate to cure a defect in an indictment — it is not a field in which reside indictments — like the one at issue in *159 Sullens and in this case — that fail to state essential elements of criminal offenses.[12]
As noted, Rule 15.2(a), Ala. R.Crim. P., provides that “[Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject-matter jurisdiction or failure to charge an offense, may be raised only by pretrial motion as provided in Rule 15.3.” If a “defect” that, under this rule, may be objected to only by way of a pretrial motion is not the subject of a such a motion, then that defect generally will have been waived and there will then be nothing for a jury instruction to “cure.”
On the other hand, if a defendant files a pretrial motion objecting to a defect that is not jurisdictional in nature and that does not involve a failure to charge an offense, and the defendant prevails in that motion, then again there will be nothing left for a jury instruction to “cure.” Alternatively, if the defendant files a pretrial motion objecting to such a defect and the trial court erroneously rejects the defendant’s motion, and if the defect rises to the level of a reversible error, a proper jury instruction may not be adequate to “cure” the problem because the instruction comes only at the end of the trial. For the reason explained below, neither such a defect nor, a fortiori, a failure of an indictment to charge an offense, would be “curable” by a jury instruction that comes only at the end of a trial otherwise infected by the error.
In Ex parte Harper, 594 So.2d 1181, 1183 (Ala.1991), the Court stated that “[t]he crucial question ... is whether the indictment sufficiently apprises the accused with reasonable certainty of the nature of the accusation made against him so that he may prepare his defense, that he may be protected against a subsequent prosecution for the same offense.” (Emphasis added.) In Hunt v. State, 642 So.2d 999, 1022 (Ala.Crim.App.1993), aff'd, 642 So.2d 1060 (Ala.1994), the Court of Criminal Appeals stated:
“ ‘An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that she may prepare a defense and invoke the Double Jeopardy Clause when appropriate. Courts will normally find an indictment insufficient only if it fails to state a material element of the offense.’ ”
(Quoting Lisa Landmeier and Alex S. Navarro, Project, Twenty-Second Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1991-1992, Indictments, 81 Geo. L.J. 1065, 1076-77 (April-May 1993) (footnotes omitted; emphasis added).)
These authorities all explain that an indictment must inform the defendant of the charge leveled against him so that he can prepare an adequate defense. Jury instructions necessarily come not only after a defense has been “prepared,” but after the defense has been “presented.” By definition, therefore, a jury instruction is unlikely to be able to cure a defect in an indictment that would otherwise rise to the level of a reversible error — and certainly not one consisting of the omission of a material element of the offense charged.
Finally, I note Chief Justice Cobb’s challenges to this Court’s construction of § 32- *160 5A-192, AIa.Code 1975, in Ex parte Edwards, supra. That case held that the existence of any one of three of the mental states defined in an introductory section of the Criminal Code, § 18A-2-2, Ala.Code 1975, other than intentional, is sufficient to constitute a violation of § 32-5A-192(a), despite the failure of the legislature to include any of those mental states in the text of § S2-5A-192(a). She states that this construction violates the tenet that “ ‘the narrowest or strictest construction is mandated for criminal statutes,’ ” 42 So.3d at 151 (quoting Burnett v. State, 807 So.2d 588, 591 (Cobb, J., dissenting and citing Ex parte Mutrie 658 So.2d 347, 349 (Ala.1993))). Moreover, she sets forth a seemingly compelling argument for the unconstitutionality of § 32-5A-192(a) on the ground that the legislature did not prescribe a requisite culpable mental state for the crime. See 42 So.3d at 151-52 n. 3 and accompanying text. For all we know, the legislature might have had in mind something other than the lowest degree of mens rea, criminal negligence, defined in § 13A-2-2, Ala.Code 1975, or it might not have given the issue any consideration whatsoever. In either case, the argument can be made that this Court in Ex parte Edwards did indeed perform the legislative function of deciding what mental state or states would be sufficient to establish the crime of vehicular homicide when, in point of fact, the legislature had not spoken to that issue.
That said, Justice Johnstone’s observation in Edwards as to the absence of an issue as to the constitutionality of § 32-5A-192 in that case is equally applicable to the present case. 816 So.2d at 109 (John-stone, J., concurring specially).

. Of course, if an indictment were to be so defective as to fail to invoke the jurisdiction of the criminal court, the deficiency in that in *157 dictment could be raised after, as well as during, the “proceeding.”

. In her dissenting opinion. Chief Justice Cobb draws attention to the wording of § 8 of the Alabama Constitution of 1901. 42 So.3d at 156 n. 9 (Cobb, C.J., dissenting). Largely on the strength of that wording — “[n]o person shall for any indictable offense be proceeded against criminally by information” — it may be questioned whether this Court correctly concluded in Ex parte Seymour, 946 So.2d 536 (Ala.2006), that an Alabama court has jurisdictional authority to “proceed against” a defendant for an indictable offense requiring proof of a material element not passed upon by a grand jury. My concern for the correctness of that conclusion is heightened by the apparently sound and well supported analysis offered by Justice Shaw, then a member of the Court of Criminal Appeals, in his special writing in Sullens v. State, 878 So.2d 1216, 1232 (Ala.Crim.App.2003) (Shaw, J., concurring in part and dissenting in part, joined by then Judge Cobb), relying inter alia upon the analysis of Justice Lyons writing for the Court in the then, and still, relatively recent case of Ex parte Lewis, 811 So.2d 485 (Ala.2001), as to what is required of an indictment if it is to “charge an offense.”
Of course, the question whether the trial court had jurisdiction to proceed against A.L.L. under an indictment that was missing an essential element of the alleged crime need not be addressed in order to decide that the Court of Criminal Appeals correctly reversed the trial court's judgment. Again, Rules 15.2(a) and (d) provide that a defendant may object to either the lack of subject-matter jurisdiction or to the failure of the State to “charge an offense," at any time during the trial (rather than only by pretrial motion), which is what A.L.L. did. The question of jurisdiction would appear to be pertinent, however, to the ability of the State to reindict A.L.L. following such a reversal. See Ex parte Cole, 842 So.2d 605 (Ala.2002).

. I note that Sullens itself was a plurality opinion, with only two members of the Court of Criminal Appeals subscribing to its analysis, one judge concurring in the result, and two judges dissenting in part and expressly declining to join the view expressed in the lead opinion as to this issue. See Sullens (Wise, J., concurring in the result without writing; Shaw, J., concurring in part and dissenting in part, with opinion, joined by Cobb, J.)